**UNITED STATES of America**

v.

**Gaetano VASTOLA, et al., Defendants.**

**Crim. No. 86–301.**

United States District Court,
D. New Jersey.

March 3, 1988.

---

**710**

Office of the U.S. Atty. by Bruce Repetto, Asst. U.S. Atty., Newark, N.J., for U.S.

Paul, Weiss, Rifkind, Wharton & Garrison by Martin London, Stuart M. Cobert, New York City, for defendant Morris Levy.

Borstein & Sheinbaum by Leon Baer Borstein, New York City, for defendant Howard Fisher.

Michael B. Pollack, New York City, for defendant Dominick Canterino.

OPINION

BROTMAN, District Judge:

## I. INTRODUCTION

Presently before the court is a motion by defendants Levy, Fisher and Canterino for a hearing to determine whether the government possesses certain exculpatory evidence which it is required to make available to the defense, under the Supreme Court's holding in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). This request arises out of counts 29 and 32 of the present indictment which allege that John LaMonte was beaten by Gaetano Vastola on May 18, 1985, as part of a conspiracy among Vastola, Levy, Fisher and Canterino to extort funds from LaMonte.

Defendants contend that the government does, or at least at some point did, possess surveillance evidence of the alleged beating. Defendants also seek discovery from the government, in advance of a hearing on the *Brady* issue, of logs, report forms, duty rosters and other documents which will identify the whereabouts on May 18, 1985, of each law enforcement officer who participated in the investigation underlying this prosecution. The government vehemently denies that surveillance evidence of the LaMonte beating existed, and opposes the hearing and disclosure of the materials sought by the defendants.

For the reasons set forth below, the defendants' motion is granted.

## II. DISCUSSION

### (A) *The Hearing*

There is apparently no disagreement among the parties as to whether surveillance evidence of the alleged beating would constitute *Brady* material. The controversy centers around the existence of such evidence. In the face of such a factual dispute, the Third Circuit has instructed that an evidentiary hearing is appropriate.

> Where the submission of written affidavits raises genuine issues of material fact and where, as here, the *Brady* claims are neither frivolous nor palpably incredible, an evidentiary hearing should be conducted.

*United States v. Dansker,* 565 F.2d 1262, 1264 (3d Cir.1977), *cert. dismissed,* 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1978). *See also Virgin Islands v. Martinez,* 780 F.2d 302, 307 (3d Cir.1985).

In support of their application for a hearing, defendants offer the following:

(1) that the Federal Bureau of Investigation ("F.B.I.") began surveillance of Gaetano Vastola and two other defendants named in the underlying indictment four months prior to the date of the alleged beating of John LaMonte, and that F.B.I. agents warned LaMonte, who had become a government informant, approximately

one month prior to the beating that he might be in physical danger;

(2) that a book entitled *Dark Victory: Ronald Reagan and the Mob,* states that the F.B.I. photographed the LaMonte beating, and that the book's author, Dan Moldea, has told defense counsel that this statement was confirmed by the F.B.I.;

(3) that an article which appeared in the Los Angeles Times on March 3, 1986, states that the beating was photographed by the F.B.I., and that the author of the article, William Knoedelseder, confirmed this fact with an F.B.I. source; and

(4) that the complaint in *Scorpio Music, Inc. v. MCA Corp.,* C.A. # 85–1591 (E.D. Pa.), which is signed by Dennis Eisman, attorney for John LaMonte, alleges that the beating of John LaMonte was photographed by the F.B.I., and that Mr. Eisman has told counsel for defendant Fisher that he had received confirmation of this allegation from F.B.I. agents.

These assertions, contained in various affidavits submitted by defendants, while not in and of themselves dispositive of whether the F.B.I. made photographs of John LaMonte being beaten by Gaetano Vastola, certainly give rise to a genuine issue of fact as to the existence of such surveillance evidence.[1]

Despite this, the government contends that a hearing on this issue is unnecessary. In so arguing, the government notes that F.B.I. agent John Mahoney, who was involved in the investigation of the defendants in this matter, testified at Gaetano Vastola's bail hearing that the beating of John LaMonte was not surveilled by the F.B.I. Additionally, the Assistant United States Attorney in charge of this prosecution, Bruce Repetto, has represented to both the defendants and the court that he has inquired of those law enforcement

agents involved with the investigation as to whether the alleged beating was surveilled, and has been told by those persons that it was not. Furthermore, the government argues that to hold the hearing which defendants seek at this time would place an undue burden on both government and judicial resources.

The court is sympathetic to the government's desire to avoid unnecessary and wasteful proceedings, especially during the course of such an involved criminal matter. However, the court feels that these judicial economy concerns are presently outweighed by the need to vindicate defendants' due process rights, as defined under *Brady v. Maryland,* and that these rights have been sufficiently implicated by the defendants' application to warrant a hearing on the issue of whether surveillance evidence of the John LaMonte beating exists.

The court also acknowledges the representations made by Mr. Repetto to the effect that, after sufficient inquiry, he is confident that the incident in question was not surveilled by the F.B.I. In granting the defendants' motion for a hearing, the court in no way means to impugn the integrity of Mr. Repetto or to draw his credibility into question. Nonetheless, as current events have repeatedly illustrated, the federal government is a multi-departmental entity in which it is entirely possible for one representative or branch to hold a good faith belief regarding another's activities or conduct that is inconsistent with the true state of affairs. The specter of this possibility has been raised by the affidavits submitted by defendants. Accordingly, defendants' motion is granted, and a hearing will be held to determine whether the government surveilled the alleged beating of John LaMonte on May 18, 1985, and, if

---

1. The court finds of particular interest the fact that a civil complaint, filed in federal court and signed by an attorney pursuant to Rule 11 of the Federal Rules of Civil Procedure, contains the allegation that the May 18 incident was surveilled. Under Rule 11:

[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; [and] that to the best of the signer's knowledge, information and belief formed after reasonable inquiry it is well grounded in fact.... If a pleading, motion or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it ... an appropriate sanction....
Fed.R.Civ.P. 11.

712

so, whether any surveillance evidence of that incident exists.

### (B) *The Discovery*

■ The defense also seeks an order requiring the government to produce certain documents, such a duty rosters and logs, which will identify the location, on May 18, 1985, of each law enforcement official who was involved in the criminal investigation which led to this prosecution. The court believes that some of the information contained in the requested materials may be necessary to the defense's ability to effectively prepare for the hearing and for the direct and cross-examination of witnesses. However, recognizing the potentially sensitive nature of the documents sought, the court will direct the government to produce to the court, for an *in camera* review, the names of those law enforcement agents assigned to the investigation of Gaetano Vastola and other co-defendants named in this action on the day of May 18, 1985, as well as any logs, reports or duty rosters which indicate the location of those agents on that date. The court will then determine whether any of the information is relevant to the *Brady* issue at hand, and, if so, whether portions or redacted versions of any of the material supplied by the government should be made available to defendants.

### (C) *Scheduling*

The hearing will be held on March 17, 1988, with evidence admitted and testimony adduced being strictly limited to material which is relevant to the existence of surveillance evidence of the alleged beating of John LaMonte on May 18, 1985.

The government shall turn over to the court the names of those law enforcement agents assigned to the investigation of Vastola and other co-defendants named in this action on the day of May 18, 1985, as well as any logs, reports or duty rosters involved with the investigation underlying this prosecution which indicate the location of those agents on that date by March 9, 1988.

During the February 25, 1988 oral argument on the present motion, it became apparent that at least three individuals which the defense will seek to call as witnesses at the March 17, 1988 hearing, Dan Moldea, William Knoedelseder and Dennis Eisman, will move to quash the subpoenas served upon them. Therefore, the court will hear all motions to quash by persons subpoenaed to appear at the March 17, 1988 hearing on March 10, 1988. Any submissions either in support or in opposition to these motions to quash which have not already been made must be filed with the court by March 8, 1988. Defense counsel are directed to notify any persons other than Messrs. Moldea, Knoedelseder and Eisman, whom they will subpoena to testify at the March 17, 1988 hearing forthwith, so that these person will have adequate time to raise objections to the subpoenas in accordance with the schedule set forth above.

An appropriate order will be entered.